1  **PRENOVOST, NORMANDIN, BERGH & DAWE**
   **A Professional Corporation**
2  **THOMAS J. PRENOVOST, JR., SBN 77813**
   **KAREL ROCHA, SBN 212413**
3  **krocha@pnbd.com**
   **2122 North Broadway, Suite 200**
4  **Santa Ana, California 92706-2614**
   **Phone No.:    (714) 547-2444**
5  **Fax No.:       (714) 835-2889**

6  Attorneys for LBS FINANCIAL CREDIT
   UNION
7

8
                    **UNITED STATES BANKRUPTCY COURT**
9
          **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**
10

11
   In re                                      Case No.  8:16-bk-14984-ES
12
   MARSHALL SAMUEL SANDERS and                Chapter 13
13 LYDIA ONG SANDERS,

14          Debtors.                          **OBJECTION TO CONFIRMATION OF**
                                              **CHAPTER 13 PLAN**
15
                                              Confirmation Hearing -
16
                                              DATE:      February 21, 2017
17                                            TIME:      1:30 pm
                                              CTRM:      5A
18                                            PLACE:     411 W. Fourth Street
                                                         Santa Ana, CA 92701
19

20

21

22          Creditor, LBS FINANCIAL CREDIT UNION ("Creditor") a secured creditor and holder of a

23 Retail Installment Sales Contract the debtor's personal property described as a 2008 Pontiac Solstice,

24 objects to the confirmation of Debtors' Chapter 13 Plan on the following grounds:

25          1.      Creditor is not adequately protected from risk of loss and depreciation based on

26 Debtors' proposed Second Amended Plan which reflects the Secured Claim amount of $12,787.00

27 with no interest rate.  The actual amount due to Creditor is $15,211.17 with a 10% interest rate.

28 / / /

2.    The Second Amended Plan must be rejected and amended to reflect the actual arrears due. A copy of the Debtors' Second Amended Chapter 13 Plan is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

## I.    STATEMENT OF FACTS

On, September 1, 2007, MARSHALL SAMUEL SANDERS ("Debtor") executed a Retail Installment and Sale Contract for a 2008 Pontiac Solstice, VIN 1G2MG35X08Y104736 ("Vehicle") financed by LBS FINANCIAL CREDIT UNION ("Creditor"). To purchase the vehicle, the Debtor, MARSHALL SAMUEL SANDERS, financed the sum of $39,492.80, and agreed to repay the loan, with interest at 6.40%, in 66 monthly installments of $713.33.

A true and correct copy of the contract is attached hereto as **Exhibit "2"** and incorporated herein by this reference. A copy of the Vehicle Registration Inquiry Report showing legal ownership of the Vehicle by Debtor, MARSHALL SAMUEL SANDERS, and evidencing Creditor's security interest in the Vehicle, is attached hereto as **Exhibit "3,"** and incorporated by this reference.

The Debtors' Chapter 13 bankruptcy petition was filed on December 7, 2016.

Debtor, Marshall Samuel Sanders, thereafter never turned over the subject vehicle and Creditor filed a suit for conversion and claim and delivery of the vehicle. This resulted in a judgment for possession of the vehicle and for value of collateral in the amount of $19,297.00. Attached as **Exhibit "4"** is a true and correct copy of the Judgment which was secured by an Abstract of Judgment prior to the filing of this bankruptcy petition. Attached as **Exhibit "5"** is a true and correct copy of the Abstract.

## II.    THE PROPOSED PLAN SHOULD BE REJECTED SINCE THE PLAN PROPOSES TO PAY LESS THAN THE TOTAL AMOUNT OF DEBT DUE

"A proof of claim in a bankruptcy proceeding constitutes prima facie evidence of its validity and amount pursuant to Bankruptcy Rule 3001(f) and § 502(d)." In re Tesmetges, 87 B.R. 263, aff'd 95 B.R. 19 (E.D.N.Y. 1988). Creditor filed a Proof of Claim on January 30, 2017, reflecting the total amount owed to Creditor in the amount of $15,211.17 on the loan as of the date of Debtors filing the within Chapter 13 petition for relief.

/ / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation.
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

1    In this case, the Plan should be rejected because it proposes to pay less than the total arrearage

2    owed to Creditor at the time the Petition was filed. A copy of the Proof of Claim is attached hereto as

3    **Exhibit "6"** and incorporated herein by this reference.

4    Specifically, as noted above, the Plan proposes to pay only $12,287.00 with regard to the

5    amount owed on the loan to Creditor. However, as noted in the supporting Creditor declaration, the

6    actual amount owed on the loan is $15,211.17. Thus, the Plan must be rejected and amended to reflect

7    the actual arrears due.

8    **III.    THE PROPOSED PLAN SHOULD BE REJECTED BECAUSE IT SPECIFIES A LOWER INTEREST RATE**

9

10    By the proposed Chapter 13 Plan, the Debtors seek to reduce the interest rate from 10.00% to 0.00%.

11    The United States Supreme Court decided in Till v. SCS Credit Corporation, 124 S. Ct. 1951,

12    (2004) that the appropriate interest rate is determined by the "formula approach."

13    This approach requires the court to take the national prime rate in order to reflect the financial

14    market's estimate of the amount a commercial bank should charge a creditworthy commercial

15    borrower to compensate it for the loan's opportunity costs, inflation, and a slight risk of default.

16    The Bankruptcy Court is required to adjust this rate for a greater risk of default posed by a

17    bankruptcy debtor. This upward adjustment depends on a variety of factors, including the nature of

18    the security, and the plan's feasibility and duration.

19    The Supreme Court did not decide the proper scale for the risk adjustment, noting that the

20    issue was not before them. id. at 801. In the present case, the Debtors' risk of default is high, and the

21    upward adjustment required to account for the greater non-payment risk should be at least 10% to

22    12% from the prime rate.

23    **IV.    CONCLUSION**

24    Any Chapter 13 Plan proposed by the Debtors must provide for and eliminate the objections

25    specified above in order to be reasonable and comply with the applicable provisions of the Bankruptcy

26    Code. Based upon inability to make all monthly payments to Creditor as they become due, Creditor

27    name requests that the instant proceeding be dismissed.

28    / / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel: (714) 547-2444 • Fax: (714) 835-2889

1    **WHEREFORE**, Secured Creditor respectfully requests that:

2    (1)    That the confirmation of the proposed Chapter 13 Plan be denied;

3    (2)    For dismissal of the instant Chapter 13 proceeding with the Debtors barred from

4    bankruptcy for a period of 180 days pursuant to 11 U.S.C. § 109(g); and

5    (3)    For such other relief as this Court deems proper.

6    DATED: February 17, 2017                    PRENOVOST, NORMANDIN, BERGH & DAWE
                                                A Professional Corporation
7

8

9                                       By:    _/s/ Karel Rocha_____
                                                KAREL ROCHA
10                                              Attorneys for LBS FINANCIAL CREDIT UNION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO CONFIRMATION OF CONFIRMATION OF PLAN

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

**DECLARATION OF ERICA ALFARO**

1.      I am the Collections Specialist employed by Creditor at its office located in Westminster, California, and I am authorized to make the declaration on its behalf.

2.      In my capacity as a Collections Specialist, I am one of the custodians of the books, records, and files of Creditor as those books, records, and files pertain to loans or extensions of credit to Debtor, Marshall Samuel Sanders.

3.      Attached hereto as **Exhibit "1"** is a true and correct copy of the Debtors' Chapter 13 Plan.

4.      I have personally worked on said books, records and files, and as to the following facts, I know them to be true of my own knowledge or gained knowledge of them from the business records of Creditor as those records are maintained in the ordinary course and scope of its business.

5.      If called upon to testify in the action as to such matters set forth in the declaration, I would and could competently testify thereto.

6.      On, September 1, 2007, Marshall Samuel Sanders ("Debtor"), executed a Retail Installment and Sale Contract for a 2008 Pontiac Solstice, VIN 1G2MG35X08Y104736 ("Vehicle") financed by Creditor. To purchase the vehicle, the Debtor financed the sum of $39,492.80, and agreed to repay the loan, with interest at 6.40%, in 66 monthly installments of $713.33.

7.      A true and correct copy of the contract is attached hereto as **Exhibit "2"** and incorporated herein by this reference.

9.      A copy of the Electronic Title showing legal ownership of the Vehicle by Debtor, Marshall Samuel Sanders, and evidencing Creditor's security interest in the Vehicle, is attached hereto as **Exhibit "3,"** and incorporated by this reference.

10.     The Debtors filed the within bankruptcy petition on December 7, 2016, bearing case number 16-bk-14984-ES.

11.     Debtor, Marshall Samuel Sanders, thereafter never turned over the subject vehicle and Creditor filed a suit for conversion and claim and delivery of the vehicle. This resulted in a judgment for possession of the vehicle and for value of collateral in the amount of $19,297.00.

/ / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

1  12. Attached as **Exhibit "4"** is a true and correct copy of the Judgment which was secured

2 by an Abstract of Judgment prior to the filing of this bankruptcy petition. Attached as **Exhibit "5"** is

3 a true and correct copy of the Abstract.

4  13. Creditor filed a Proof of Claim on January 30, 2017, reflecting the total amount owed

5 to Creditor in the amount of $15,211.17 on the loan as of the date of Debtors filing the within Chapter

6 13 petition for relief. A copy of the Proof of Claim is attached hereto as **Exhibit "6"** and incorporated

7 herein by this reference.

8  I declare under penalty of perjury under the laws of the United States of America that the

9 foregoing is true and correct.

10  Executed the _17_ day of February 2017, at Westminster, California.

12

13        ERICA ALFARO
         LBS FINANCIAL CREDIT UNION

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 · Fax (714) 835-2889

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2122 N. Broadway, Suite 200
Santa Ana, CA  92706

A true and correct copy of the foregoing document entitled (*specify*):  Objection to Confirmation of Chapter 13 Plan  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 February 17, 2017 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chapter 13 Trustee:  Amrane (SA) Cohen (TR)     efile@ch13ac.com
Attorney for Wells Fargo Bank, N.A., as trustee:  Daniel K Fujimoto    wdk@wolffirm.com
Interested Party:  Megan E Lees     ecfcacb@aldridgepite.com, MEL@ecf.inforuptcy.com;mlees@aldridgepite.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Attorney for Debtors:  Brad Weil     bfweil@justbradlegal.com, brad@ecf.courtdrive.com
Attorney for Bank Of America, National Association:  Gilbert R Yabes     ecfcacb@aldridgepite.com,
GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  February 17, 2017 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Marshall Samuel Sanders
1621 Kensing Lane
Santa Ana, CA 92705

Joint Debtor
Lydia Ong Sanders
1621 Kensing Lane
Santa Ana, CA 92705

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  February 17, 2017 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Peter Carroll
United States Bankruptcy Court
411 W. Fourth Street
Santa Ana, CA 92701

Courtesy Copy, Bin outside of 5th Floor Elevators

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2017 | Stephanie Richards | *Stephanie Richards* |
|---|---|---|
| Date | Printed Name | Signature |

8381.0784 / 1518823.1 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "1"

| Attorney or Party Name, Address. Telephone & FAX Nos.:, State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Brad Weil ~263524**<br>**The Law Offices of Brad Weil**<br>**460 E. Carson Plaza Dr.**<br>**Suite 217**<br>**Carson, CA 90746**<br>**310 515 7799 Fax: 310 515 7752**<br>**263524**<br>**bfweil@justbradlegal.com** | |
| ☐ *Individual appearing without attorney*<br>☑ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Marshall Samuel Sanders**<br><br>**Lydia Ong Sanders** | CASE NO.:. **8:16-bk-14984-ES**<br><br>CHAPTER **13**<br><br><div align="center">**Second Amended**<br>**CHAPTER 13 PLAN**</div> |
|---|---|
| | **CREDITORS MEETING:**<br>**Date:** 1/17/17<br>**Time:** 9:00 AM<br>**Place:** RM 1-154, 411 W. Fourth St., Santa Ana, CA 92701<br><br>**CONFIRMATION HEARING:**<br>**Date:** 2/21/17<br>**Time:** 1:30 PM<br>**Place:** Crtrm 5A, 411 W. Fourth St., Santa Ana, CA 92701 |
| Debtor(s). | |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 1*                    **F3015-1.01.CHAPTER13.PLAN**

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.    **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the chapter 13 trustee:

A.    Payments by Debtor of **$3,325.00** per month for **5** months, then **$6,835.00** per month for **55** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ **392,550.00**  which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.    Other property:  *(specify property or indicate none)*
       **NONE**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 2                          **F3015-1.01.CHAPTER13.PLAN**

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.   ORDER OF PAYMENTS:

    1.   If there are Domestic Support Obligations, the order of priority shall be:

        (a)   Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

        (b)   Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

    2.   If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding **100** % of each Plan Payment until paid in full.

    3.   Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

    4.   Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

    5.   No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                     Page 3                     **F3015-1.01.CHAPTER13.PLAN**

B.   CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a   Administrative Expenses | | | | | |
| (1)   Chapter 13 trustee's fee – estimated at 11.11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)   Attorney's Fees | $7,500.00 | | $2,500.00 | 3 | $7,500.00 |
| (3)   Chapter 7 trustee's fees | | | | | |
| (4)   Other | | | | | |
| b   Other Priority Claims | | | | | |

| (1)   Internal Revenue Service | | | | | |
|---|---|---|---|---|---|

| (2)   Franchise Tax Board | | | | | |
|---|---|---|---|---|---|

| (3)   Domestic Support Obligation | | | | | |
|---|---|---|---|---|---|

| (4)   Other | | | | | |
|---|---|---|---|---|---|
| c.   Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*) | | | | | |
| | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                          Page 4                                          F3015-1.01.CHAPTER13.PLAN

| CLASS 2 |
|---|

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES _AFTER_ THE FINAL PLAN PAYMENT IS DUE**

1. ☐    The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐    The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

| (name of creditor) | (last 4 digits of account number) |
|---|---|
| (name of creditor) | (last 4 digits of account number) |

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

| CLASS 3 |
|---|

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN**

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Chrysler Capital | xxxxxxxxxxxx xx1000 | $20,321.25 | $12,975.00 | 0.00 | $223.71 | 58 | $12,975.00 |
| JPMorgan Chase Bank N.A | xxxxx8297 | $253,600.00 | $101,054.64 | 0.00 | $1,742.32 | 58 | $101,054.64 |
| Lbs Financial Credit Union | | $15,211.17 | $12,287.00 | 0.00 | $211.84 | 58 | $12,287.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 5                                    F3015-1.01.CHAPTER13.PLAN

| CLASS 4 |
|---|

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐    The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☑    The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

Bk Of Amer _____        _____ xxxx2139
        (name of creditor)                                    (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Bk Of Amer | xxxx2139 | $219,369.72 | 0 | $3,782.24 | 58 | $219,369.72 |

| CLASS 5 |
|---|

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of  $273,498.78 .

Class 5 claims will be paid as follows:

(Check one box only.)

☑    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.  COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $  0.00  which is estimated to pay  0 % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 6                        **F3015-1.01.CHAPTER13.PLAN**

## IV.  PLAN ANALYSIS

| | |
|---|---:|
| **CLASS 1a** | $7,500.00 |
| **CLASS 1b** | $0.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $0.00 |
| **CLASS 3** | $126,316.64 |
| **CLASS 4** | $219,369.72 |
| **CLASS 5** | $112.09 |
| **SUB-TOTAL** | $353,298.45 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11.11% unless advised otherwise)** | $39,251.55 |
| **TOTAL PAYMENT** | $392,550.00 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**                    **Description of contract/lease:**
   -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**                    **Description of contract/lease:**
   -NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                          **Monthly Payment:**
   **State Department Fcu**                     $0.00
   **State of California**                      $0.00

D.  The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
   **Creditor Name:**                          **Description:**
   -NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (*use attachment, if necessary*):
   **The Debtor has filed a 506(a) motion to value the property located at 2041 Iroquois Tustin CA in order value the property at $665,000.00.  This motion's Hearing date is set for 2/16/2017 at 10:30 AM.**

G.  The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date:    **February 6, 2017**

**/s/ Brad Weil**
**Brad Weil ~263524**
**263524**
Attorney for Debtor

**/s/ Marshall Samuel Sanders**
**Marshall Samuel Sanders**
Debtor

**/s/ Lydia Ong Sanders**
**Lydia Ong Sanders**
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 8                        **F3015-1.01.CHAPTER13.PLAN**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | CASE NO.: |
|---|---|
| **Brad Weil** **The Law Offices of Brad Weil** **460 E. Carson Plaza Dr.** **Suite 217** **Carson, CA 90746** **310 515 7799 Fax: 310 515 7752** **263524** **bfweil@justbradlegal.com** *Attorney for:* | CHAPTER: **13** ADVERSARY NO.: *(if applicable)* |
| In re: **Marshall Samuel Sanders** **Lydia Ong Sanders** Debtor(s). | **ELECTRONIC FILING DECLARATION** **(INDIVIDUAL)** **[LBR 1002-1(f)]** |

| | | Date Filed: |
|---|---|---|
| ☐ | Petition, statement of affairs, schedules or lists | Date Filed: |
| ☐ | Amendments to the petition, statement of affairs, schedules or lists | Date Filed: |
| ☒ | Other *(specify):* 2nd Amended Ch 13 Plan | Date Filed: 2/6/17 |

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct printed copy of the Filed Document in such places and provided the executed printed copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement About Your Social Security Numbers* (Official Form 121) and provided the executed original to my attorney.

Date: 2/6/17

_____
Signature (handwritten) of Debtor or signing party
**Marshall Samuel Sanders**
Printed name of Signing Party

Date: 2/6/17

_____
Signature (handwritten) of Debtor 2 (Joint Debtor) (if applicable)
**Lydia Ong Sanders**
Printed name of Debtor 2, if applicable

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned attorney for the Signing Party, declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed *Part I - Declaration of Debtor(s) or Other Party of this Declaration* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct printed copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct printed copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration* and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration* and the Filed Document available for review upon request of the court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement About Your Social Security Numbers* (Official Form 121) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement About Your Social Security Numbers* (Official Form 121) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement About Your *Social Security Numbers* (Official Form 121) available for review upon request of the court.

Date: 2/6/17

_____
Signature (handwritten) of attorney for Signing Party
**Brad Weil**
Printed Name of attorney for Signing Party

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                                           **F 1002-1.DEC.ELEC.FILING.INDIVIDUAL**

| In re:                                              | CHAPTER: **13**                      |
|-----------------------------------------------------|--------------------------------------|
| **Marshall Samuel Sanders**<br>**Lydia Ong Sanders**<br><div align="right">Debtor(s).</div> | CASE NUMBER: **8:16-bk-14984-ES** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**460 E. Carson Plaza Dr.**
**Suite 217**
**Carson, CA 90746**

A true and correct copy of the foregoing document entitled (*specify*):   **Second Amended Chapter 13 Plan**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **2/6/2017**   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane (SA) Cohen (TR)
efile@ch13ac.com

Daniel K Fujimoto on behalf of Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1
wdk@wolffirm.com

Megan E Lees on behalf of Interested Party Courtesy NEF
ecfcacb@aldridgepite.com, MEL@ecf.inforuptcy.com;mlees@aldridgepite.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Gilbert R Yabes on behalf of Creditor BANK OF AMERICA, NATIONAL ASSOCIATION
ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On   **2/6/2017**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 6, 2017 | Brad Weil     | /s/ Brad Weil |
|------------------|---------------|---------------|
| *Date*           | *Printed Name* | *Signature*  |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-8
Case 8:16-bk-14984-ES
Central District of California
Santa Ana
Fri Jan 20 17:23:49 PST 2017

BANK OF AMERICA, NATIONAL ASSOCIATION
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

Wells Fargo Bank, N.A., as trustee, on behal
The Wolf Firm
2955 Main Street
Second Floor
Irvine, CA 92614-2528

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Bk Of Amer
4909 Savarese Cir
Tampa, FL 33634-2413

CLEAR RECON CORP
4375 JUTLAND DR 200
San Diego, CA 92117-3600

Chrysler Capital
PO Box 961275
Fort Worth, TX 76161-0275

FDIC as Receiver of
Washington Mutual Bank
Attention: Claims Agent
1601 Bryan Street, Suite 1410
Dallas, TX 75201-3479

Franchise Tax Board
Bankruptcy Section, MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Housing Authority Riverside County
5555 Arlington Ave
Riverside, CA 92504-2506

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank N.A
1111 Polaris Parkway
Columbus, OH 43240-2050

JPMorgan Chase Bank, N.A.
c/o Five Lakes Agency, Inc.
P.O. Box 80730
Rochester, MI 48308-0730

Law Office of Jason W. Estavillo
1330 Broadway Ste 1030
Oakland, CA 94612-2509

Lbs Financial Credit Union
P.O Box 4860
Long Beach, CA 90804-0860

Navient
Attn: Claims Dept
Po Box 9500
Wilkes-Barr, PA 18773-9500

Orange County Treasurer-tax collect
Attn: Bankruptcy Unit
P.O. Box 4515
Santa Ana, CA 92702-4515

PNC Bank
PO Box 54828
Los Angeles, CA 90054-0828

Prenovost, Normandin, Bergh & Dawe
2122 N. Broadway
Suite 200
Santa Ana, CA 92706-2614

Santander Consumer USA
Po Box 961275
Fort Worth, TX 76161-0275

State Board of Equalization
Special Operations Branch MIC:55
P.O. Box 942879
Sacramento, CA 94279-0055

State Department Fcu
1630 King St
Alexandria, VA 22314-2763

(p)DEPARTMENT OF HEALTH CARE SERVICES
OFFICE OF LEGAL SERVICES MS 0010
ATTN STEVEN A OLDHAM STAFF ATTORNEY
PO BOX 997413
SACRAMENTO CA 95899-7413

Suntrust Bank
Attn:Bankruptcy Dept
Po Box 85092 Mc Va-Wmrk-7952
Richmond, VA 23285-5092

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

WELLS FARGO BANK N A TRUST
3815 S WEST TEMPLE
Salt Lake City, UT 84115-4412

Wells Fargo Bank
Mac-F8235-02f
Po Box 10438
Des Moines, IA 50306-0438

Amrane (SA) Cohen (TR)
770 The City Drive South Suite 8500
Orange, CA 92868-4958

Brad Weil
Law Offices of Brad Weil
460 E Carson Plaza Dr Ste 217
Carson, CA 90746-3274

Lydia Ong Sanders
1621 Kensing Lane
Santa Ana, CA 92705-3074

Marshall Samuel Sanders
1621 Kensing Lane
Santa Ana, CA 92705-3074

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

State of California
Property tax postponement
P.O. Box 942850
Sacramento, CA 94250-0001

US Bank/Rms CC
Card Member Services
Po Box 108
St Louis, MO 63166

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    31
Bypassed recipients     1
Total                  32

# EXHIBIT "2"

**RETAIL INSTALLMENT SALE CONTRACT — SIMPLE INTEREST FINANCE CHARGE**

| Dealer No. | Contract Number 47813 | R.D.S. Number 1975054 |
| DATE: | CUSTN 223365 | SALESPERSON: EJORDAN, NJ |
| Buyer Name and Address (including County and Zip Code) | Creditor – Seller (Name and Address) |
| MARSHALL S SANDERS | TUSTIN BUICK PONTIAC GMC |
| 1621 KENSING LN | 1 AUTO CENTER DR |
| SANTA ANA  CA  ORANGE  92705 | TUSTIN, CA  92782-0401 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor – Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
| REM | 2006 | PONTIAC SOLSTICE | 13 | 1G2MG35X06Y104736 | [X] Personal, family or household [ ] Business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
| 6.49% | $ 7686.98 | $ 39492.80 | $ 47026.78 | $ 47026.78 |
| (e) means an estimate |

**STATEMENT OF INSURANCE**

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| Payments | N/A | Monthly Beginning |
| 65 Payments | 713.32 | Monthly Beginning 10/16/06 |
| One Payment of | 713.32 | 03/16/2013 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all of your debt early, you will not have to pay a penalty.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF AMOUNT FINANCED (below may "pay part of the amounts paid to others)**

1. Total Cash Price
   A. Cash Price of Lease Vehicle and Accessories ... $ 31242.00
      1. Cash Price Vehicle ... $ 31242.00
      2. Cash Price Accessories ... $ N/A
      3. Other (describe) ... $ N/A
      Describe ... N/A ... $ N/A
   B. Document Preparation Fee (not a governmental fee) ... $ 55.00
   C. Smog Fee Paid to Seller ... $ N/A
   D. (Optional) Theft Deterrent Device (to whom paid, ALARM/LOJA) ... $ 1594.00
   E. (Optional) Theft Deterrent Device (to whom paid) N/A ... $ N/A
   F. (Optional) Surface Protection Product (to whom paid) N/A ... $ N/A
   G. (Optional) Surface Protection Product (to whom paid) N/A ... $ N/A
   H. Sales Tax (on taxable items in A through D) ... $ 2549.00
   I. Optional DMV Electronic Filing Fee ... $ N/A
   J. (Optional) Service Contract (to whom paid, EMPP ) ... $ 3270.00
   K. (Optional) Service Contract (to whom paid) N/A ... $ N/A
   L. (Optional) Service Contract (to whom paid) N/A ... $ N/A
   M. Prior Credit or Lease Balance paid by Seller to ... $ N/A
   (see downpayment and trade-in calculation)
   N. (Optional) Gap Contract (to whom paid, BUKESQUARD ) ... $ 495.00
   O. (Optional) Used Vehicle Contract Cancellation Option Agreement $ 0.00
   P. Other (to whom paid) N/A ... $ N/A
      For ...
      Total Cash Price (A through P) ... $ 39205.00
2. Amounts Paid to Public Vehicles
   A. License Fee ... —ESTIMATED— ... $ 279.00
   B. Registration/Transfer/Titling Fees ... $ N/A
   C. California Tire Fees ... $ 8.75
   D. Other ... N/A ... $ N/A
      Total Official Fees (A through D) ... $ 287.79
3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance columns a + b) ... $ N/A
4. Smog Certification or [ ] Exemption Fee Paid to State ... $ N/A
5. Subtotal (1 through 4) ... $ 39492.80
6. Total Downpayment
   A. Agreed Trade-In Value ... N/A/N/A ... $ N/A
      Model ... N/A ... Color ... N/A
      VIN ... N/A
   B. Less Prior Credit or Lease Balance ... $ N/A
   C. Net Trade-In (less B) (indicate if a negative number) ... $ N/A
   D. Deferred Downpayment ... $ N/A
   E. Manufacturer's Rebate ... $ N/A
   F. Other ... N/A ... $ N/A
      Total Downpayment (6 through F) ... $ 0.00
      (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 6H above)
7. Amount Financed (5 less 6) ... $ 39492.80

**OPTION:** [ ] You pay no finance charge if the Amount Financed ... N/A ... Year ... SELLER'S INITIALS ...

**AUTO BROKER FEE DISCLOSURE.** If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
[ ] Name of autobroker receiving fee, if applicable:

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.

Buyer Signature X _____ Date _____ Co-Buyer Signature X _____ Date _____

Seller Signs: TUSTIN BUICK PONTIAC GMC  Date 09/01/07  By _____  Title _____

**ORIGINAL LIENHOLDER**

OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. How we will figure Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.

b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is a fixed: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

GAP LIABILITY NOTICE
In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under the contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security interest.
You give us a security interest in:
• The vehicle and all parts or goods installed in it;
• All money or goods received (proceeds) for the vehicle;
• All insurance, maintenance, service, or other contracts we finance for you; and
• All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract as described above. You will make sure the title shows our security interest (lien) in the vehicle.

d. Insurance you must have on the vehicle. You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may buy either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. What happens to returned insurance, maintenance, service, or other contract charges. If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
• You do not pay any payment on time;
• You start a proceeding in bankruptcy or owe is started against you or your property;
• The vehicle is lost, damaged or destroyed; or
• You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees we pay for others to attempt collection efforts. You agree to pay a charge not to exceed $15 if any check you give us is dishonored.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any of these items are not on the vehicle, you may store them for you at your expense. If you do not ask for these items back, we may sell them as the law allows.

e. How you can get the vehicle back. If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, plus the right to reinstate the contract and redeem the vehicle by paying past due payments and any late charges, repossession and sale expenses, insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when, and how much to pay and/or what action you must take to redeem the vehicle.

---

f. We will sell the vehicle if you do not redeem. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling it.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law.

g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**

If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**7. Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE

If you become disabled, you must tell us right away. [You are advised to send the information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.] We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

Seller's Right to Cancel

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller seeks to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (Debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| Seller agrees to transfer the contract to | LES FINANCIAL | | (Assignee) at [address] | under the terms of Seller's agreement(s) with Assignee |
|---|---|---|---|---|
| | ☐ Assigned with recourse | ☐ Assigned without recourse | ☐ Assigned as [          ] | |

Seller: JUSTIN BURGK

By _____  Title _____

Form No. 553-CA-ARB

# EXHIBIT "3"

```
=========================================================================
Computerized Vehicle Registration                          Inquiry Report
=========================================================================
                    Vehicle Registration Inquiry Report          71042051
*************************************************************************
     Notice: DMV info use subject to DMV Commercial Requester Account agreement
*************************************************************************
     Reference:                              Date: 01/12/2010
     Requested: 1G2MG35X08Y104736            Time: 10:12:38 AM
     Reason: Miscellaneous/Other          User ID: VR
--------------------------- REGISTERED OWNER INFO --------------------------
          NAME: SANDERS MARSHALL S
       ADDRESS: 1621 KENSING LN

          CITY: SANTA ANA                    STATE: Unknown
        COUNTY: ORANGE
      ZIP CODE: 92705
--------------------- LEGAL OWNER (LIENHOLDER) INFO ---------------------
          NAME: LBS FNCL CU
       ADDRESS: PO BX 4860

          CITY: LONG BEACH                   STATE: Unknown
      ZIP CODE: 90804
----------------------------- VEHICLE INFO ------------------------------
       EXPIRES: 09/08/10                       VLF: JD
           VIN: 1G2MG35X08Y104736             TYPE: 69:ELP Regular - Automob
       LICENSE: 1SEPO5                     ENGINE NO:
      YR MODEL: 2008                          WEIGHT:
       YR SOLD: 00/00/07                        AXLE:
        * YEAR:                                 FUEL: G
     BODY TYPE: CV                          VEH TYPE: 12
      EQUIP NO:                              HULL NO:
          MAKE: PONT                        SUP PLATE:
-------------------------------------------------------------------------
     Date of latest Registration Card Issuance: 10/27/2009
     Date of latest Ownership Certificate Issuance: 10/02/2007
----------------------------- RECORD STATUS -----------------------------
07/03/08 CA MEMORIAL PLATE
10/02/07 SMOG DUE 09/08/14
LIENHOLDER PAPERLESS TITLE  L67071002
MAILING ADDRESS:
1ST: PO BX 1939
CITY: TUSTIN         C.C.: 30 ZIP: 92781
10/08/08 PREV LIC      6BJH892
09/01/2007-ODOMETER:        13 MILES ACTUAL MILEAGE
------------------------ End of DMVLINK Printout ------------------- V.2 ---

=========================================================================
Computerized Vehicle Registration                   Fee Calculation Report
=========================================================================
 Transaction: Purchase/Trade in of Used Vehicle
Fee based on ORANGE County.
-------------------------------------------------------------------------
******************************* NOTICE **********************************
   FEE ESTIMATE based on DMV-supplied data and disregards any title transfer
               taking place or other specific credits or charges.
*************************************************************************
NO FEES CURRENTLY DUE
```

---------------------------------------------------------------------------

 * Fee Calculations include all changes as of 12/1/2009
------------------------- End of Fee Calculation Report ---------------- V.2 ---

01/12/2010

# EXHIBIT "4"

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
10/15/2014 at 11:05:34 AM
Clerk of the Superior Court
By Amanda Rincon, Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 28 2014**

ALAN CARLSON, Clerk of the Court

1  **PRENOVOST, NORMANDIN, BERGH & DAWE**
   **A Professional Corporation**
2  **THOMAS J. PRENOVOST, JR., SBN 77813**
   **TOM R. NORMANDIN, SBN 102265**
3  **2122 North Broadway, Suite 200**
   **Santa Ana, California 92706-2614**
4  **(714) 547-2444; (714) 835-2889 facsimile**
   PNBD: 8381.0784
5  Ref: XXX507-1

6  Attorneys for LBS FINANCIAL CU
   a California corporation
7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11 | LBS FINANCIAL CU, a California          Case No. 30-2012-00607896
   | corporation
12 |                                         **[AMENDED] JUDGMENT BY DEFAULT**
   |          Plaintiff,                     **BY COURT**
13 |
   |      v.                                 **Action Filed:    November 15, 2012**
14 |
15 | MARSHALL S. SANDERS aka MARSHALL
   | SAMUEL SANDERS, an individual; and
16 | DOES 1 through 20, inclusive,
   |
17 |          Defendant.

18          In this action the Defendant MARSHALL S. SANDERS aka MARSHALL SAMUEL

19 SANDERS, an individual, having been served with the Summons and a copy of the Complaint, having

20 failed to appear and answer to the Complaint within the time allowed by law, and the default of said

21 Defendant having been duly entered upon application of Plaintiff to the Court, and a Declaration

22 under *Code of Civil Procedure* section 585(d), in lieu of testimony, having been considered, the Court

23 orders the following judgment:

24 ///

25 ///

26 ///

27 ///

28 ///

8381.0784 / 1015876.1                    1
                    **JUDGMENT BY DEFAULT BY COURT**

1    IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff LBS FINANCIAL CU, a

2   California corporation, have and recover from Defendant MARSHALL S. SANDERS aka

3   MARSHALL SAMUEL SANDERS, an individual, the following:

4        IT IS ORDERED AND ADJUDICATED that Defendant MARSHALL S. SANDERS aka

5   MARSHALL SAMUEL SANDERS, an individual, turnover possession of the Vehicle described as a

6   2008 PONTIAC SOLSTICE motor vehicle, VIN No. 1G2MG35X08Y104736 to Plaintiff.

7        IT IS FURTHER ORDERED AND ADJUDGED that an alternative money judgment is

8   hereby entered for the value of the Vehicle as follows pursuant to California Civil Code Section 3336:

| 9  | Value: | $17,220.00 |
|----|--------|------------|
| 10 | Attorney's Fees: | $1,233.00 |
| 11 | Costs: | $844.00 |
| 12 | TOTAL DUE: | $19,297.00 |

13

14   DATED: ___10/2/14___

15                                          JUDGE OF THE SUPERIOR COURT

16                                          Judge Corey S. Cramin

17

18

19

20

21

22

23

24

25

26

27

28

8381.0784 / 1015876.1

2

**JUDGMENT BY DEFAULT BY COURT**

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

# EXHIBIT "5"

RECORDING REQUESTED BY AND MAIL TO:
(Name and mailing address, including city, state,
and ZIP code, of requesting party)

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 North Broadway, Ste. 200
Santa Ana, CA 92706-2614

OC8291-784

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

25.00

* $ R 0 0 0 7 1 3 6 4 8 6 $ *

2014000520617 11:56 am 12/03/14
65 406 A03 F13   3
0.00 0.00 0.00 0.00 6.00 10.00 0.00 0.00

⌐ SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE ⌐

# DOCUMENT TITLE

[X] ABSTRACT OF JUDGMENT

[ ] ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

[ ] OTHER (specify): _____

8381.0784                                                    **EJ-001**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*
After recording, return to:
THOMAS J. PRENOVOST, JR., SBN 77813
TOM R. NORMANDIN, SBN 102265
PRENOVOST, NORMANDIN, BERGH & DAWE
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CA 92706-2614
TEL. NO.: 714-547-2444    FAX NO. (optional): 714-835-2889
E-MAIL ADDRESS *(Optional)*:
[X] ATTORNEY FOR  [X] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: CENTRAL JUSTICE CENTER
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: COUNTY OF ORANGE, CENTRAL J

FOR RECORDER'S USE ONLY

PLAINTIFF: LBS FINANCIAL CU, a California corporation
DEFENDANT: MARSHALL S. SANDERS aka MARSHALL SAMUEL SANDERS, an individual; et al.

CASE NUMBER:
30-2012-00607896

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ┌─────────────────────────────────────┐
   │ MARSHALL S. SANDERS aka MARSHALL     │
   │ SAMUEL SANDERS, an individual        │
   │ 1621 KENSING LN.                     │
   │ SANTA ANA, CA 92705                  │
   └─────────────────────────────────────┘

   b. Driver's license no. [last 4 digits] and state: 3313    CA    [ ] Unknown
   c. Social security no. [last 4 digits]: XXX-XX-7338    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
      MARSHALL S. SANDERS aka MARSHALL SAMUEL SANDERS, an individual
      1621 KENSING LN., SANTA ANA, CA 92705

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address):*
   LBS FINANCIAL CU, a California corporation
   P.O. BOX 4860, LONG BEACH, CA 90804-0860
   Date: NOVEMBER 18, 2014
   THOMAS J. PRENOVOST, JR.
   (TYPE OR PRINT NAME)

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:
   ► _____ (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 19,297.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* 10/28/14
   b. Renewal entered on *(date):*
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*
12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

This abstract issued on *(date):*
11/24/14

Clerk, by _____, Deputy
Alan Carlson, Clerk of the Court    A. Van Arkel

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Legal Solutions Plus

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: | COURT CASE NO.: |
|---|---|
| DEFENDANT: | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.         Name and last known address

17.         Name and last known address

Driver's license no. [last 4 digits] and state:

☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:

☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.         Name and last known address

19.         Name and last known address

Driver's license no. [last 4 digits] and state:

☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:

☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# EXHIBIT "6"

ORIGINAL



**Fill in this information to identify the case:**

Debtor 1   Marshall Samuel Sanders

Debtor 2   Lydia Ong Sanders
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   8:16-bk-14984-ES

FILED

JAN 30 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

LBS Financial Credit Union
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes.   From whom?   Tustin Buick Pontiac GMC

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

LBS Financial Credit Union
Name

P.O. Box 4860
Number        Street

Long Beach          CA          90804
City               State        ZIP Code

Contact phone   714-893-5111

Contact email _____

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City               State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.   Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.   Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  5  0  7  1 |

| | |
|---|---|
| 7. **How much is the claim?** | $_____15,211.17_. **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Motor vehicle and Judgment Lien |

| | |
|---|---|
| 9. **Is all or part of the claim secured?**<br><br>See attached continuation page | ☐ No<br>☑ Yes.    The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☑ Motor vehicle<br>☐ Other. Describe:    2008 Pontiac Solstice GXP - VIN #1G2MG35X08Y104736<br><br>**Basis for perfection:**    Certificate of Title<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**    $_____12,287.00<br>**Amount of the claim that is secured:**    $_____15,211.17<br>**Amount of the claim that is unsecured:**  $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $_____0.00<br><br>**Annual Interest Rate** (when case was filed) 10.00 %<br>☑ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                          Proof of Claim                          page 2

Proof of Claim – Continuation Page

**9. Is all or part of the claim secured?**
☐ No
[X] Yes. The claim is secured by a lien on property.

**Nature of property:**
[X] Real estate. If the claim is secured by the debtor's principal residence, file a
*Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
[X] Other. Describe:___Judgment Lien_____
**Basis for perfection:__Abstract of Judgment (see attached)_____**
Attach redacted copies of documents, if any, that show evidence of perfection of a security
interest (for example, a mortgage, lien, certificate of title, financing statement, or other document
that shows the lien has been filed or recorded.)

**Value of property: $_1,573,911.00_____**
**Amount of the claim that is secured: $__15,211.17_____**
**Amount of the claim that is unsecured: $_____0.00_____** (The sum of the secured and
unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**
$___15,211.17_____
**Annual Interest Rate** (when case was filed) __10___%
[X] Fixed
☐ Variable

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01/26/2017
                  MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Juan Flores |
| | First name          Middle name          Last name |
| Title | Collections Specialist - Recovery |
| Company | LBS Financial Credit Union |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | P.O. Box 4860 |
| | Number          Street |
| | Long Beach          CA          90804 |
| | City          State          ZIP Code |
| Contact phone | 714-893-5111 |          Email |